**James R. SMITH, Petitioner,**

v.

**Addison E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 71–C–87–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 14, 1971.

C. Tabor Cronk, Asst. Atty. Gen., Richmond, Va., for respondent.

### OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 2241.

The petitioner is currently serving a twenty-five year sentence for first degree murder. This sentence was imposed by the Hustings Court of the City of Roanoke, Virginia on September 23, 1969 following the petitioner's plea of guilty. The petitioner was represented by his retained counsel. From this conviction the petitioner did not appeal. The petitioner filed for state habeas corpus relief in the Hustings Court of the City of Roanoke on December 31, 1969. That petition was denied and dismissed on February 3, 1970. The petitioner appealed this dismissal to the Supreme Court of Appeals of Virginia which denied and dismissed the matter on June 15, 1971.

In the present federal habeas corpus proceeding the petitioner alleges that his guilty plea was involuntarily made by him due to the failure of his attor-

ney to prepare for trial. The petitioner also alleges that he was denied effective assistance of counsel because (1) his retained counsel failed to subpoena witnesses for his defense; (2) his attorney failed to have a mental examination conducted; and (3) his attorney failed to inform him of the ramifications of a guilty plea. The petitioner contends that because of his attorney's ineffective assistance he was forced to plead guilty.

 It is the opinion of this court that the petitioner's claim that his plea was involuntarily made is without merit. The transcript of the trial reveals that after the petitioner plead guilty, the trial judge, the Honorable Ernest Ballou, conducted an extensive examination of the petitioner in order to ensure that his plea was freely, intelligently, and knowingly made. The responses given by the petitioner clearly indicate that his plea was voluntarily made and that he understood the ramifications of the action which he was taking.

The petitioner's claim of ineffective assistance of counsel is also without merit. The trial transcript clearly shows that Judge Ballou asked the petitioner the following questions.

Q. (By the Court) Do you have any complaints about the manner in which you were arrested or your treatment after your arrest?

A. (By the petitioner) No, sir.

Q. Do you have any complaints about anyone connected with your case that you want to tell me before we proceed?

A. No, sir.

Q. Do you feel like you are doing the right thing by pleading guilty to first degree murder?

A. Well, I'm guilty.

(Transcript pp. 5–6)

It is the opinion of this court that the petitioner's answers clearly indicate that his plea was voluntarily made, and that he had no complaints as to the assistance given him by his attorney.

For the above reasons the petition for a writ of habeas corpus is denied. If the petitioner desires to appeal this judgment or any part thereof, he should file with the clerk of *this* court within thirty (30) days a notice of appeal. Failure to file a notice of appeal within thirty (30) days may result in a denial of the right to appeal. The notice of appeal shall state the following:

1. the judgment, order, or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.